IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | |
| MAGNUS C. ROBERTS, | § | No. 3:25-mj-963-BN |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

## Background

Defendant Magnus C. Roberts has been indicted in the United States District Court for the Eastern District of Texas for two counts of alleged violations of 18 U.S.C. § 922(g)(1). *See United States v. Roberts*, No. 1:25-cr-72-MJT-CLS (E.D. Tex.).

Roberts was arrested in the Northern District of Texas and had his initial appearance in this district under Federal Rule of Criminal Procedure 5(c)(2)-(3) on September 26, 2025 before the undersigned magistrate judge.

The undersigned held a detention hearing under Federal Rule of Criminal Procedure 5(d)(3) and 18 U.S.C. § 3142 and denied the government's motion for detention and order Roberts released on conditions under 18 U.S.C. § 3142(c).

Roberts, through the Assistant Federal Public Defender appointed to represent him in proceedings in this district, has now filed an Unopposed Motion for Modification of the Conditions of Pretrial Release [Dkt. No. 9].

For the reasons explained below, the Court denies this motion without prejudice, because the Federal Rules of Criminal Procedure and the Bail Reform Act

-1-

do not authorize a magistrate judge in the arresting district to – after entering any orders required by Federal Rules of Criminal Procedure 5(c)(3) and 5(d) at the initial appearance of a defendant charged in another district – later modify or amend the conditions set in a release order under 18 U.S.C. § 3142.

**Legal Standards**

Federal Rule of Criminal Procedure 5(c)(3) dictates the procedures that a magistrate judge must follow for the initial appearance of a defendant arrested in a district other than the charging district (that is, in Rule 5's terms, "the district where the offense was allegedly committed" and the criminal charges are filed).

Rule 5(c)(3) does not address detention or release pending trial. But Federal Rule of Criminal Procedure 5(d) provides for procedures in any case in which the defendant is charged with a felony, whether charged in the district where the defendant is arrested or in another district.

And Rule 5(d)(3) provides that "[t]he judge must detain or release the defendant as provided by statute or these rules." Federal Rule of Criminal Procedure 46(a) provides that "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release," and 18 U.S.C. § 3141(a) provides that "[a] judicial officer authorized to order the arrest of a person under section 3041 of this title before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter." *See United States v. Snyder*, 946 F.2d 1125, 1126 (5th Cir. 1991) (18 U.S.C. § "3141(a) states that '[a] judicial officer authorized to order

the arrest of a person under section 3041' must decide whether to release the person pending trial. [18 U.S.C.] § 3141(a). [18 U.S.C. §] 3041 lists these judicial officers, and federal district and appellate judges and Justices are included. Thus, all judges in the federal system have the power to decide whether to release an alleged offender pending trial." (footnote omitted)).

18 U.S.C. § 3142(a) provides that, "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be – (1) released on personal recognizance or upon execution of an unsecured appearance bond, under [18 U.S.C. § 3142(b)]; (2) released on a condition or combination of conditions under [18 U.S.C. § 3142(c)]; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under [18 U.S.C. § 3142(d)]; or (4) detained under [18 U.S.C. § 3142(e)]."

18 U.S.C. § 3142(e)(1) provides that, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

And 18 U.S.C. § 3142(f)(1) provides that "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community" if the case presents one of the listed circumstances under which a detention hearing may be held.

## Analysis

Roberts's motion does not specify what authority it invokes, but he apparently filed the motion in this district based on undersigned's having ordered his conditions of release after the detention hearing.

Within its statutory scheme, the Bail Reform Act includes two provisions that possibly apply to Roberts's request to modify the conditions that the undersigned set at his detention hearing:

1. 18 U.S.C. § 3142(c)(1) provides that, "[i]f the judicial officer [conducting a detention hearing under 18 U.S.C. § 3142(f)] determines that the release described in [18 U.S.C. § 3142(b)] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person (A) subject to" certain mandatory conditions and "(B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community," and 18 U.S.C. § 3142(c)(3) provides that "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release."

2. 18 U.S.C. § 3145(a) provides that, "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court – (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release. The motion shall be determined promptly."

The Court will address each in turn, taking up the second one first.

I. <u>18 U.S.C. § 3145(a)</u>

18 U.S.C. §§ 3145(a)-(b) contemplate release or detention orders by a

magistrate judge in the district of arrest being reviewed by the court in the charging district (referred to as "the court having original jurisdiction over the offense").

And a Section 3145(a)(2) motion for review or amendment of a release order entered by a magistrate judge in the arresting district must be addressed to the presiding district judge in the charging district in the first instance. *See United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 493-95 (W.D. Tex. 2022); *See United States v. Cooper*, No. 3:16-cr-60-M (2), 2018 WL 1916983, at *17-*19 (N.D. Tex. Apr. 2, 2018), *rec. adopted*, 2018 WL 1912708 (N.D. Tex. Apr. 23, 2018).

This makes sense, where all "[f]urther legal proceedings – that is, those beyond the initial detention hearing – will take place in the district where a defendant committed the alleged offense" (that is, the charging district). *Salazar-Andujo*, 599 F. Supp. 3d at 494.

Requiring a Section 3145(a)(2) motion to be filed in "the district court in which the prosecution is pending" recognizes that, "[w]hen a person is arrested on the basis of charges pending against him in a different district, the orders of detention or conditional release entered by a magistrate judge in the district of arrest are designed to insure the person's appearance in the district where he is wanted – the district where the prosecution is pending," which "is the district that has the primary interest in securing his appearance." *United States v. El Edwy*, 272 F.3d 149, 152-53 (2d Cir. 2001).

At the same time, Rule 5(c)(3)'s requirement that the "initial proceeding is conducted before a magistrate judge of the district of arrest" "is designed to ensure

-5-

that there is either probable cause or an indictment or information to justify holding the person, that the person held is in fact 'the person named in the [charges],' that there is a warrant from the district of prosecution commanding his arrest, and finally that the person receives the earliest opportunity to seek" release under Section 3142. *Id.* at 153.

As drafted, Rule 5(c)(3) "provides a very particular procedure in which a 'magistrate judge' (not another state or federal judicial officer, as with in-district offenses) is to conduct the initial proceedings." *United States v. Evans*, 62 F.3d 1233, 1238 (9th Cir. 1995).

Once the proceedings required under Rules 5(c)(3) and 5(d) are completed, the clerk of the court for the district of arrest "must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed" (that is, where the prosecution is pending). FED. R. CRIM. P. 5(c)(3)(E). "There it can be reviewed by that district court and is subject to appeal to the circuit court of appeals in that circuit." *Evans*, 62 F.3d at 1238.

And, so, "[i]t would be strange, indeed, to require that all the papers and the bail be sent to [the court where the prosecution is pending] if another court is to review the magistrate judge's [release or] detention order." *Id.* at 1237.

In short, only the presiding district judge in the United States District Court for the Eastern District of Texas may address any 18 U.S.C. § 3145(a)(2) motion to amend or modify Roberts's conditions of release.

II. <u>18 U.S.C. § 3142(c)(3)</u>

18 U.S.C. § 3142(c)(3) more generally provides that "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release."

This Court has previously framed this provision as providing that "[t]he judicial officer [who set a defendant's conditions of pretrial release] may at any time amend the order to impose additional of different conditions of release." *United States v. Ladd*, No. 3:18-cr-100-L, 2020 WL 6083009, at *2 (N.D. Tex. Oct. 15, 2020) (cleaned up).

And the United States Court of Appeals for the Fifth Circuit has observed that "the provisions of 18 U.S.C. § 3142 do not contemplate finality or res judicata on the issue of pre-trial detention" and that "[t]he magistrate judge or the district court 'may at any time amend the order to impose additional or different conditions of release' as provided in § 3142(c)(3)." *United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992).

But those observations were made in the context of release and detention orders entered by judges in the district in which the prosecution was pending.

Section 3142(c)(3) must be interpreted and applied within the "scheme of the Bail Reform Act," *id.,* and considered in context with the Act's other provisions – including the provisions of Section 3145(a) that more specifically address review, modification, and amendment of release orders entered by a magistrate judge in the arresting district, *cf. El Edwy*, 272 F.3d at 152-53. And that scheme also includes 18 U.S.C. § 3148 motions to revoke release orders, including those first entered by a magistrate judge in the arresting district, for alleged violations of a condition of

-7-

release, which motions are directed to the district court in the charging district.

Interpreting Section 3142(c)(3) to apply to the magistrate judge in the arresting district who ordered a defendant released on conditions at an initial appearance under Rules 5(c)(3) and 5(d)(3) would, by Section 3142(c)(3)'s own terms, mean that the magistrate judge – who otherwise has no role in the defendant's case in the other district after the initial appearance – could "at any time … impose additional or different conditions of release."

It would be strange, indeed, to read Section 3142(c)(3) to empower the magistrate judge in the arresting district to do so not only in the days immediately after setting the conditions but possibly in the weeks or months to follow – all without any reference or delegation by the presiding district judge in the charging district and while neither a district judge in the arresting district nor a magistrate judge in the charging district would have any authority to, on their own, modify the conditions.

As written, Section 3142(c)(3) either applies to allow the magistrate judge in the arresting district who set conditions to, at any time, impose additional or different conditions of release or, in light of Section 3142(a)'s provisions, does not apply at all to a magistrate judge in the arresting district who set conditions under Rule 5(d)(3) and Section 3142(c).

Based on the analysis and authorities laid out above, the Court concludes that the Bail Reform Act's statutory scheme and language mandate the latter conclusion: 18 U.S.C. § 3142(c)(3) does not apply to a magistrate judge in the arresting district

who set conditions under Section 3142(c) during proceedings required under Rules 5(c)(3) and 5(d).

## Conclusion

For all these reasons, the Court denies Defendant Magnus C. Roberts's Unopposed Motion for Modification of the Conditions of Pretrial Release [Dkt. No. 9], without prejudice to refiling in the United States District Court for the Eastern District of Texas, where his prosecution is pending.

SO ORDERED.

DATED: October 2, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE